IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA :
: CRIMINAL ACTION
v. :
: NO. 1:10-CR-00086-RWS-ECS-1
MIGUEL ALVARADO-LINARES :
a/k/a JOKER :

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**I.
The Motion**

This matter is before the Court on Defendant's motion to dismiss for denial of the right to a speedy trial, [Doc. 542]. The government responded to the motion on May 13, 2011, [Doc. 552]. Defendant filed no reply. For the reasons stated herein, the undersigned **RECOMMENDS** that the motion be **DENIED**.

**II.
Issues and Contentions**

Defendant moves to dismiss the indictment with prejudice for violation of the Speed Trial Act, 18 U.S.C. § 3161 et seq.; for violation of Defendant's Sixth Amendment speedy trial rights; and for violation of Defendants Fifth Amendment rights based upon pre-indictment delay. See Def's Motion to Dismiss at 6 & n.2. [Doc. 542].

**III.**
**Discussion**

**A. Speedy Trial Act**

The record shows that Defendant was arrested on January 24, 2009, by state law enforcement officers and charged in Gwinnett County with the state crime of murder. See Motion to Dismiss, [Doc. 542, at 1]. See also Gov't Response at 1, [Doc. 552]. On October 27, 2009, Defendant was indicted in this Court on a charge of being an alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). See Case No. 1:09-CR 473, [Doc. 5]. Within 30 days of the federal indictment on the firearms charge, Defendant appeared and was arraigned. Id., [Doc. 5]. On February 24, 2010, Defendant was indicted in this Court on the instant charges of Racketeering and other offenses. [Doc. 1]. He appeared for arraignment within 30 days, on March 5, 2010. [Doc. 71]. The charges in Case No. 1:09-CR-473 were dismissed. [Doc. 22]. His detention was continued and he remains in custody. [Doc. 216].

Defendant argues that he should be considered to have been detained on the instant charges since January 24, 2009, when he was arrested on the state charges in Gwinnett County. It follows, according to Defendant, that his indictment on the instant charges occurred more than 30 days after his arrest, in violation of the

2

Speedy Trial Act, and that he is entitled to dismissal of the indictment. See 18 U.S.C. § 3162.

In support of his arguments under the Speed Trial Act, Defendant points to certain e-mail correspondence obtained under Georgia's Open Records Act, O.C.G.A. § 50-18-70, showing communications between the Gwinnett County District Attorney's Office and the office of the United States Attorney in this district. Def's Motion to Dismiss, [Doc. 542, at 4]. These communications show that the state law enforcement authorities were aware that the federal authorities were investigating; that federal charges against Defendant were contemplated; and that, in the event of such charges, the state charges would likely be dismissed. See id. at Exhs. A, B, C, D. Defendant argues that these communications show that the state arrest was a ruse or a pretext designed to allow the government to hold Defendant until the federal charges were brought, solely for the purpose of bypassing the requirements of the Speedy Trial Act. Id. at 5.

The government responds that the speedy trial 30-day indictment clock does not begin to run until the Defendant passes into federal custody and that a state arrest does not trigger the time limits. Gov't Response, [Doc. 552, at 3]. The government cites a series of Eleventh Circuit decisions supporting this proposition, as well as

AO 72A
(Rev.8/82)

a series of other circuit court decisions also standing for the same general proposition. Id. The government submits that none of the e-mail correspondence shows that Defendant was held in state custody on behalf of the federal government. Id. at 7-8.

The undersigned agrees with the government that there is no basis for dismissal of this indictment on the grounds that Defendant was not indicted within the 30-day period provided under the Speedy Trial Act. As demonstrated by the cases cited by the government, the proposition that the 30-day clock does not start until the Defendant is arrested on federal charges is well-established. See United States v. Drummond, 240 F.3d 1333, 1335-36 (11th Cir. 2001) (immigration detention did not trigger Speedy Trial Act) (internal quotation and citation omitted); United States v. Russo, 796 F.2d 1443, 1450-51 (11th Cir. 1986); United States v. Shahryar, 719 F.2d 1522, 1524 (11th Cir. 1983) ("[I]t is only a federal arrest, not a state arrest, which will trigger the commencement of the time limits set in the Act.") (internal citation omitted); United States v. Hatcher, 300 F. App'x 659, 661 (11th Cir. 2008) (30-day period runs from date of arrest on federal charges, even where federal government extensively involved in ongoing investigation of defendant's case); Baxter v. United States, 140 F. App'x 82, 83 (11th Cir. 2005) ("[I]t is only a federal arrest, not a state

4

arrest, which will trigger the commencement of the time limits set in the Act."); accord United States v. Griffin, 287 F. App'x 845, 848 (11th Cir. 2008). Neither substantial nor extensive federal involvement in a state investigation or arrest is sufficient to start the speedy trial clock. Russo, 796 F.2d at 1450-51 (quoting United States v. Iaquinta, 674 F.2d 260, 267-68 (4th Cir. 1982)); Shahryar, 719 F.2d at 1524-25. Defendant has cited no Eleventh Circuit authority to the contrary.

Defendant has not in this case made a showing of substantial or extensive involvement of the federal government in the state murder charges that were pending against Defendant when the instant indictment was returned, much less a showing that the state charges were orchestrated by the federal government as a ruse for the purpose of holding Defendant pending the filing of its charges. Indeed, Defendant did not reply in response to the government's citation of authority in any attempt to distinguish or controvert the government's arguments. Under these circumstances, the undersigned concludes that Defendant's motion under the Speedy Trial Act, insofar as he argues that the 30-day clock for indictment was violated, is without merit and should be **DENIED**.

**B. Defendant's Fifth and Sixth Amendment challenges**

5

Defendant asserts in a single footnote in his motion that his speedy trial rights under the Fifth and Sixth amendments were also violated. See Def's Brief at 6, n.2. The government responded on the merits to Defendant's footnote in its response. Gov't Response, [Doc. 552, at 8-10]. Defendant filed no reply to the government's response controverting the government's arguments.

Defendant's footnote is insufficient to preserve an issue regarding the violation of Defendant's Fifth and Sixth Amendment rights to a speedy trial. No details are set forth that would amount to an arguable basis for a violation of these constitutional rights, nor is the violation particularized sufficiently to warrant a hearing. Cf., United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) ("A motion to suppress must . . . be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented."); see also United States v. Foxman, 87 F.3d 1220, 1222 (11th Cir. 1996) (heavy burden on defendant to show 6th Amendment violation); United States v. Knight, 562 F.3d 1314, 1325 (11th Cir. 2009) (under 5th Amendment Defendant must show actual prejudice from deliberate design by government to obtain advantage). Furthermore, the failure of Defendant to respond to the government's arguments is a sufficient basis for the Court to conclude that Defendant abandoned these un-

6

particularized claims.  Cf., LR 7.1.B, NDGa ("Failure to file response shall indicate no opposition . . . .").

**IV.**
**Conclusion**

In conclusion, the undersigned **RECOMMENDS** that the motion to dismiss, [Doc. 542], be **DENIED** on all grounds asserted.

**SO REPORTED AND RECOMMENDED**, this 14th day of November, 2011.

                                    s/ *E. Clayton Scofield III*
                                    E. Clayton Scofield III
                                    UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)