UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA :
: CRIMINAL ACTION
v. :
: NO. 1:10-cr-86-1-RWS-ECS
MIGUEL ALVARADO-LINARES :
*also known as* :
Joker :

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-captioned matter is before the Court on two motions to suppress: Defendant's motion to suppress statements and fruits thereof, [Doc. 388], and Defendant's motion to suppress statements and/or evidence obtained as a result of an unconstitutional arrest [Doc. 562]. The motions to suppress were heard in three evidentiary hearings: on May 19, 2011, June 23, 2011, and October 14, 2011. All hearings have been transcribed. [Doc. 570], [Doc. 567], [Doc. 614]. The motions have been briefed by the parties and are now ready for a Report and Recommendation.

To summarize the issues, Defendant's first motion to suppress seeks to prohibit the use of a statement given by Defendant on January 24, 2009, after he was arrested, and allegedly without probable cause and without the administration of Miranda warnings. The first two hearings related to the circumstances of Defendant's arrest and to the statement he made thereafter at the Gwinnett County Police Department. At the conclusion of the first two

hearings, Defendant was permitted to file a second motion to suppress statements based upon the contention that the arrest warrant lacked probable cause to such an extent that no reasonable officer could have relied upon it in making the arrest. [Doc. 559]. The third hearing supplemented the record with regard to the circumstances of the issuance of the arrest warrant and Defendant's challenge to it.

In Defendant's post-hearing brief, Defendant argues that the affidavit in support of the warrant fails to establish probable cause and violates <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). Defendant further argues that the good faith exception to the exclusionary rule does not apply in these circumstances. Defendant fails, however, to make any argument in his post-hearing brief to the effect that the statement sought to be excluded was involuntary or obtained without the benefit of a waiver of rights under <u>Miranda</u>. This ground for suppression is therefore abandoned. Furthermore, a review of the evidentiary record shows that Defendant was read his <u>Miranda</u> rights and waived them, and that the statement he made was voluntary. Accordingly, the sole argument made for exclusion of the statement is that it was obtained as the fruit of an unconstitutional arrest under an invalid arrest warrant. [Def's Brief at 11].

2

# I.
## Background Facts

The following is a summary of the facts adduced at the evidentiary hearings. On January 24, 2004, Sergeant Victor Pesaresi obtained an arrest warrant for Defendant from Gwinnett County Magistrate Court Judge Wendell L. Peevy for the murder of Lal Ko allegedly committed by Defendant on October 27, 2006. See Gov. Ex. 1; (T. 5/19/11 at 10). The arrest warrant was given to Lieutenant C.D. Spell of the Gwinnett County Police Department to effectuate the arrest. (T. 6/23/11 at 9). Lieutenant Spell was also provided with the address of a house on Mary Joe Lane in Norcross. The officers went to that location and set up surveillance on the evening of January 24, 2009. (Id.). Soon after the surveillance was in place, a car pulled up and a male got out of the car who did not fit Defendant's description. (Id. at 10). Then two other males came out of the house and got in the car – the second male fit Defendant's description. (Id.). The officers had been provided with information that Defendant was dangerous so they allowed him to drive away from the house before they conducted a high-risk stop. (Id. at 11).

Defendant was a passenger in the car. (Id.) Confronted by the officers, Defendant was cooperative and was placed under arrest without mishap. (T. 12). He was not Mirandized at that time. (Id.

3

at 13). After he was arrested, he was taken to the Gwinnett County Police Department in Lawrenceville. (Id.). There he was booked and then interrogated by Sgt. Pesaresi, along with Agent Jason Tyler with Immigration and Customs Enforcement ("ICE"). (Id. at 4). The interview was recorded on a DVD. (T. 5/19/11 at 15, 18). Defendant was read his Miranda rights from a Miranda rights form and agreed to speak. (Id. at 15-16). Defendant was not threatened nor was he made any promises in return for his statement. (Id. at 17-18). There is no evidence his statement was involuntary.

The circumstances of the issuance of the warrant were the subject of the third evidentiary hearing, held on October 14, 2011. Sergeant Pesaresi testified again. He testified that he was the affiant on the warrant and that he appeared in person before Judge Peevy. (T. 10/14/12 at 15). He provided the judge with a written affidavit and with other information orally under oath. (Id. at 16-17). He testified that he was provided information about the killing by an informant and that he advised the Judge about this information. (Id. at 17, 20-21, 26). Defendant was identified by the informant from a picture. (Id. at 20-21). The informant told Sergeant Pesaresi that he, the informant, was in the car and that Defendant was the shooter. (Id. at 26-27, 31-32). The informant also provided information that Defendant was involved in an accident near the scene of the shooting, shortly after leaving the scene.

4

(Id. at 18-19). The officer was able to corroborate that the accident occurred near the time of the shooting by interviewing the other party to the accident. (Id. at 19, 34). Pesaresi testified that he provided all this information to the judge. (Id. at 20-21, 24-25).

**II.**
**Discussion**

**A.  Defendant's Arguments**

Defendant argues that the written portion of the written affidavit in support of the arrest warrant is insufficient to establish probable cause and that the sworn testimony provided by the officer to the magistrate judge was also deficient. In that regard, Defendant contends that the information obtained by the officer from the informant cannot be relied upon because the informant gave inconsistent accounts of Defendant's role in the shooting. Defendant bases this contention upon the fact that the affiant, Sergeant Pesaresi, provided the magistrate judge with inconsistent accounts, stating in the affidavit that Defendant ordered the shooting and in his sworn oral testimony that Defendant was the shooter. Defendant argues that this inconsistent information in the affidavit undermines the informant's veracity. [Def's Brief at 7]. In addition, Defendant argues that the affiant failed to disclose to the magistrate judge certain material

5

information – that the informant initially denied involvement in the shooting before later admitting being present. Def's Brief at 8. Defendant argues that these infirmities render the information provided to the magistrate judge "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," thus making the good faith exception to the exclusionary rule inapplicable. Def's Brief at 10.

**B. Probable Cause**

Under the Fourth Amendment, "no Warrants shall issue, but upon probable cause . . . ." U.S. CONST. AMEND. IV. "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir. 1992) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). See also United States v. Goddard, 312 F.3d 1360, 1363 (11th Cir. 2002). Probable cause is a "fluid concept - turning on the assessment of probabilities in particular factual contexts - not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232, 103 S.Ct. 2317, 2329 (1983). In making the probable cause determination, the judge must make a practical, common sense decision whether, given all the circumstances set forth

6

in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, that there are facts sufficient to support the issuance of the warrant. Illinois v. Gates, 462 U.S. at 238; United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) (citing United States v. Gonzalez, 940 F.2d 1413, 1419 (11th Cir. 1991), cert. denied, 502 U.S. 1047 (1992)).

In this case, the affidavit relied in part upon information obtained from a confidential informant. The informant's veracity and basis of knowledge are "relevant considerations in the totality of the circumstances analysis," and "a deficiency in one may be compensated for . . . by a strong showing as to the other." Brundidge, 170 F.3d at 1353 (internal citations and quotations omitted). "An explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles [the CI's] tip to greater weight than might otherwise be the case." Id. (internal citations and quotations omitted). "[W]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (internal citation and quotation omitted). "[C]orroboration of [an informant]'s tip can also occur by 'creating circumstances under which [the informant] is unlikely to lie.'"

7

Brundidge, 170 F.3d at 1353 n.1 (quoting United States v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1995)).

## C. **Franks v. Delaware** and **United States v. Leon**

The Fourth Amendment exclusionary rule will not be applied so as to bar the use of evidence obtained by officers acting in reasonable reliance on a warrant issued by a detached, neutral magistrate but ultimately found to be unsupported by probable cause. United States v. Leon, 468 U.S. 897, 898 (1984). To advance the purposes of the exclusionary rule to deter police misconduct, evidence obtained as fruit of an illegal arrest should be suppressed only if it can be said that the law enforcement officer had knowledge, or may be properly charged with knowledge, that the arrest was unconstitutional. Id. at 919. In other words, the evidence should not be suppressed when the officer's conduct is objectively reasonable. This is particularly true when an officer acting with objective good faith has obtained a warrant from a judge or magistrate and acted within its scope.

In the ordinary case, an officer cannot be expected to question a magistrate's probable cause determination or his judgment that the form of the warrant is technically sufficient. "Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." Id. at 921. Nonetheless, a police officer's reliance

8

upon the magistrate's probable cause determination must be objectively reasonable, and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued. Id. at 922-23. Therefore, a good faith inquiry is in order, and this "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the [arrest] was illegal despite the magistrate's authorization." Id. at 923 n.23. In making this determination, all the circumstances may be considered. Id.

What this means is that an arrest under a warrant may be invalid even though a facially valid warrant was issued. Under Leon, suppression remains an appropriate remedy in at least four identifiable circumstances: (1) where the magistrate judge in issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth. Id. at 923 (citing Franks v. Delaware, 438 U.S. 154 (1978)); (2) where the issuing magistrate wholly abandons his judicial role; (3) where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient that the executing

9

officers cannot reasonably presume it to be valid. <u>Leon</u>, 468 U.S. at 923.

In <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), the Supreme Court addressed the issue of whether a defendant has the right under the Fourth and Fourteenth Amendments to challenge the truthfulness of factual statements made in an affidavit in support of a search warrant. The Court held that where the defendant makes a substantial preliminary showing that an affiant knowingly and intentionally included a false statement in an affidavit, or made the false statement with reckless disregard for its truth, and the false statement was necessary to a finding of probable cause, then the Fourth Amendment requires that a hearing be held at the defendant's request. <u>Franks</u>, 438 U.S. at 164-65, 171-72. Where perjury or reckless disregard is established at the hearing, and where the affidavit's remaining content is insufficient to support a finding of probable cause after the affidavit's false material is set to one side, then the warrant must be voided and its fruits excluded. <u>Id.</u> at 171-72. Negligent or innocent mistakes, however, do not violate the Fourth Amendment. <u>Id.</u> at 171.

**D. Validity of the Arrest Warrant**

Applying the legal principles above, the undersigned concludes that the written affidavit language standing alone does not set forth sufficient facts to establish probable cause. The magistrate

10

judge, however, was also provided with additional sworn oral testimony. In his sworn testimony, Sergeant Pesaresi advised the magistrate judge that there was an ongoing investigation of gang activity and that an informant had provided him with firsthand knowledge of what occurred in the shooting based upon his having been in the car when the crime occurred. (T. 10/14/11 at 20, 28, 31-32). Sergeant Pesaresi also advised the magistrate judge that he believed the informant to be reliable, (id. at 32), and that he had corroborated some of the informant's information. (Id. at 20). In particular, Sergeant Pesaresi corroborated that, as stated by the informant, Defendant had been involved in an auto accident shortly after the shooting near the scene and had fabricated an accident report to cover up the fact that he was there. (Id. at 17-18). The informant was also able to identify Defendant as the person involved in the shooting as the shooter and to pick his picture out of a group of pictures. (Id. at 21, 26-27, 28, 31-32). This information was imparted to the magistrate judge. (Id. at 26, 27-28, 32). Considering all of this information, in its totality, it is sufficient in my view to support a finding of probable cause to believe that Defendant was present at the shooting and either directed the shooting or shot the victim himself.

Sergeant Pesaresi did not advise the magistrate judge that the informant initially denied being involved in the shooting, (T.

11

10/14/11 at 33), but he did advise the judge that the informant was actually in the car with Defendant. (Id. at 31-32). Defendant argues that this omission vitiates probable cause. To the contrary, however, the record does not clearly reflect that the informant initially denied being involved. (Id. at 33). But even if he did, the magistrate was advised that the informant admitted being in the car with the shooter. (Id. at 31-32). Thus, even if the officer had disclosed this information, it would have made no difference to the existence of probable cause. It would not be unexpected for an informant to minimize or deny his own culpability while nonetheless otherwise telling the truth about what happened. But in this case, the informant admitted his own involvement, contrary to his own penal interest, an admission which "carr[ies] [its] own indicia of credibility - sufficient at least to support a finding of probable cause . . . ." United States v. Harris, 403 U.S. 573, 583, 91 S. Ct. 2075, 2082 (1971); accord United States v. Farese, 612 F.2d 1376, 1378 (5th Cir. 1980).

Finally, Defendant argues that the informant allegedly provided the officer with inconsistent information that undermines the veracity and/or reliability of the informant. This argument is based upon the fact that the written affidavit identifies Defendant as "ordering the shooting of [the victim]," while Sergeant Pesaresi's oral testimony advised the magistrate judge that

12

Defendant was the shooter. This inconsistency, however, arises from the information provided by the sergeant to the magistrate judge and does not undermine the credibility of the informant. Indeed, Sergeant Pesaresi testified that the informant admitted he was in the car and, further, testified that Defendant was the shooter: "He was certainly there. To the best of my knowledge, he was the shooter." (T. 10-14-11 at 27). Either way, there was sufficient cause set forth to believe that Defendant participated in the murder, warranting his arrest. Both options were disclosed to the magistrate judge before he signed the warrant – Defendant as shooter (oral) and Defendant as "ordering the shooting" (written).

Having found that the evidence presented to the magistrate judge was sufficient to establish probable cause to arrest Defendant for murder, it is not necessary to examine whether the warrant could also be upheld under the Leon good faith exception. But in any event, on this record, suffice it to say that Sergeant Pesaresi had no reason to believe that he could not rely upon the arrest warrant, based as it was upon the facts known to the sergeant and conveyed to the magistrate judge when he obtained the warrant.

AO 72A
(Rev.8/82)

# III.
## Conclusion

In sum, the undersigned **RECOMMENDS** that Defendant's motions to suppress [Docs. 388, 562], be **DENIED**.

It appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this **CASE** be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED AND RECOMMENDED**, this 18th day of June, 2012.

    s/ *E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)